## STEED v. THE STATE.

COBB, J.　1. An assignment of error in a motion for a new trial, that "the court erred in charging the law of conspiracy in said case, there being no evidence to sustain the same," is too general and indefinite to raise any question for decision.

2. A party can not complain of the court's failure to charge upon a particular theory, when his counsel, in response to a question addressed to him by the court, stated that he did not desire an instruction on such theory. A party can not complain of an error which his own conduct has induced. *Quattlebaum* v. *State,* 119 *Ga.* 433 (2); *Harris* v. *State,* 120 *Ga.* 169; *Robinson* v. *State,* 120 *Ga.* 312 (2); *Nixon* v. *State,* 121 *Ga.* 144 (3). *Horton* v. *State,* 120 *Ga.* 307, differs from the present case and from those cited, in that the counsel merely contended to the jury that manslaughter was not involved, and did not make directly to the judge any statement which brought about the failure to charge upon the law of that offense.

3. Failure to give an instruction on the subject of impeachment of witnesses, in the absence of a pertinent and proper request, is not cause for a new trial. *Baker* v. *State*, 121 *Ga.* 189, and cit.; *Phillips* v. *State*, 121 *Ga.* 358, and cit.; *Horton* v. *State*, 120 *Ga.* 309.

4. The alleged newly discovered evidence was impeaching in its nature, as well as cumulative ; and there being some evidence to warrant the verdict, the discretion of the trial judge in overruling the motion for a new trial will not be controlled.

*Judgment affirmed.     All the Justices concur, except Simmons, C. J., absent.*

Argued July 10, —Decided August 2, 1905.

Indictment for assault with intent to murder.     Before Judge Freeman.     Carroll superior court.     June 8, 1905.

*Hamrick & Smith*, for plaintiff in error.

*J. R. Terrell, solicitor-general*, contra.