## WILLIAMS *v.* THE STATE.

No. 10447.   MAY 17, 1935.

*Highsmith & Highsmith,* for plaintiff in error.

M. J. *Yeomans, attorney-general,* W. B. *Gibbs, solicitor-general,*
B. D. *Murphy,* J. T. *Goree,* and J. B. *Moore,* contra.

HUTCHESON, Justice.   Joe Williams was tried for the offense of
murder, and was convicted.   Upon the call of the case for trial,
the defendant urged his motion for continuance, complaining that
he had been removed to a jail in a distant city and therefore was
unable to confer with or talk to his lawyer to the extent that was
necessary to properly prepare his case; that such removal was
ordered on account of bias, prejudice, and threats said to have been
made against him shortly after the offense occurred; and further,
that his daughter was in bad health, and his trial at this time would
cause her great mental pain and tend to shorten her life. This mo-
tion was overruled, and the case proceeded to trial.   When the de-
fendant made his statement to the court and jury, it was in the
afternoon, shortly before adjournment of court for the day.   On
the next morning the defendant made a motion for mistrial, on the
ground that one of the jurors had made biased and prejudiced
statements against him, and that this fact had not come to his
knowledge until this time; and further, that while making his
statement on the afternoon before, his throat became in such con-
dition that he could not make himself heard by the court and jury.
The judge remarked that he did not hear the statement, on account
of its being too low; but no proof was offered as to whether or
not it was heard by the jury.   There was no attempt to reintroduce
the defendant for the purpose of repeating his statement.   He was
convicted, his motion for new trial was overruled, and he excepted.

The motion for continuance was in writing.   It contained
several grounds.   It was insisted that a continuance should be
granted because the defendant was removed to another city, and
he had no opportunity to see or confer with his lawyers.   Accord-
ing to the record, the homicide occurred on January 31, 1934.   The
trial was commenced on March 20, 1934.   The principle of law
here involved is covered by the ruling in *Harris* v. *State,* 152 *Ga.*

193 (108 S. E. 777), as follows: "The time to be allowed counsel to prepare for trial is in the sound discretion of the trial judge, which discretion will not be interfered with by this court, unless abused. No unusual or intricate matters of law or fact appearing, and nothing being shown as to public excitement, there was no abuse of discretion in overruling the motion for a continuance upon the ground of want of time to prepare for trial." It is shown in the instant case that the bias or prejudice referred to was in reality mere rumor, as nothing of this kind is shown by the evidence. That part of the evidence relative to the illness of a relative, who was not a party to the case, is without merit.

■ In a careful investigation of the record, we find that the statement of the accused was made to the court in the afternoon, and the following morning a motion for mistrial was made by the defendant, on the ground that, in making his statement the day before, his throat was afflicted in such a way that he could not make his voice heard, and that his words were inaudible to the court and jury. The judge stated that he did not hear the statement of the defendant, because his voice was so low, but no offer was made to reintroduce the defendant for the purpose of repeating the statement or to show the condition of his voice at that time. This ground of the motion for mistrial was without merit. It was also contended in the motion for mistrial that one of the jurors had made statements prior to the trial, showing bias and prejudice. The matter of granting a mistrial is always addressed to the trial judge, and in the case at bar the evidence introduced does not measure up to the ruling of this court, as follows: "To disqualify a juror who tried the case and swore that he had not formed and expressed an opinion, and had no bias or prejudice, and was perfectly impartial, there should be the affidavits of at least two witnesses, or what is equivalent thereto, against such oath of the juror; otherwise it is but oath against oath, and the verdict will not be set aside on the ground of the incompetency of the juror." *Coggeshall* v. *Park,* 162 *Ga.* 78 (3) ; *Waters* v. *State,* 158 *Ga.* 510 (6) (123 S. E. 806).

■ Complaint is made that the court erred in giving the following charge to the jury: "In other words, gentlemen, murder is the intentional killing of a human being by the intentional use of a weapon in the manner that as used at the time is a weapon

likely to kill, and a killing also without justification or mitigation." In view of the fact that immediately preceding these words the judge had given the definition of murder in the language of the statute, the error, if any, was harmless.

■ There is no merit in the assignment of error as to repetition by the judge of the manner or form of their verdict; nor does any error appear in the assignments of error not herein specifically dealt with.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*