24371. GREAT AMERICAN INDEMNITY COMPANY *v.* SOUTHERN FEED STORES INCORPORATED.

SUTTON, J. This was an action on a policy of robbery insurance. Upon submission of proof of loss thereunder, the insurance company refused to pay, on the ground that the loss incurred by the insured was not covered by the policy. The policy provided that the insurer, for and in consideration of the premium paid, would indemnify "the assured from all loss or damage to such property . . in the premises . . occasioned by robbery or attempt thereat *committed during the hours specified* . . within the assured's premises;" that "robbery, as used in this policy, shall mean a felonious and forcible taking of property by violence *inflicted upon a custodian*, or by putting him in fear of violence, or by any overt felonious act committed in the presence of a custodian and of which he is actually cognizant, provided such act is not committed by an officer or employee of the assured, or a felonious taking of property from the person or direct care and custody of a custodian, who, while having custody of property covered hereby, has been killed or rendered unconscious by injuries inflicted maliciously or sustained accidentally;" that a "custodian" is a person between the ages of 17 and 65, who is in the employ of the assured and "duly authorized by him to act as his paymaster, messenger, collector, cashier, clerk, or sales person,

and while so acting to have the care and custody of property covered hereby, but who is not a watchman or a porter;" that the property insured shall consist of "money, securities, and merchandise" taken "from within the premises, while at least one custodian is on duty therein," and that "within the premises" of the insured shall mean the "entire" building occupied by the insured in conducting its business. The jury returned a verdict for the insured for the full amount of the loss claimed. The insurer's motion for new trial was·overruled, and the insurer appealed to the appellate division of the municipal court of Atlanta (the trial court), where the judgment overruling the motion for a new trial was affirmed, and to that judgment the insurer excepted. *Held:*

1. While a policy of insurance is to be construed liberally in favor of the object to be accomplished, and its provisions will be strictly construed against the insurance company, and where it is susceptible of two constructions, that construction will be adopted that is most favorable to the insured, yet a contract of insurance should be so construed as to carry out the true intention of the parties, and their rights are to be determined by its terms so far as they are lawful, and the language of the contract should be construed in its entirety, and should receive a reasonable construction and not be extended beyond what is fairly within its plain terms; and where the language fixing the extent of the liability of the insurer is unambiguous and but one reasonable construction is possible, the court must expound the contract as made. See *New York Life Ins. Co.* v. *Thompson*, 45 *Ga. App.* 638 (165 S. E. 847), and cit.

2. The declarations of a robbery policy plainly and without ambiguity provided that the robbery should be of property of the assured "within the premises" of the assured, and that the property specified as being covered by the policy should be taken "from within the premises" of the assured "while at least one custodian is on duty therein." So where a policy of robbery insurance provided that the insurer was liable only where a robbery, within its terms, occurred while the property of the insured, covered by the policy, was in the premises of the insured and a custodian, who was a clerk or salesman of the insured, and who had charge and control of the property of the insured in the premises, was also in the premises asserting control and custody of such property at the time the robbery occurred, there was no liability thereon where a person employed by the insured and acting as night watchman, as well as having the care and custody of the property of the insured, having authority to sell the merchandise of the insured from the premises at. night, when he was on duty, checking in its drivers, assorting the merchandise returned by the truck drivers and receiving from them the money and checks belonging to the insured, was held up by unknown persons outside the premises of the insured, having gone outside to stay the remainder of the night because it was cooler there than in the building, and not intending to go back into the building that night, having locked himself out, and the hands of such person were tied and his head covered with a sack, and he was forced to lie under the building of the insured while such unknown persons broke into the premises of the insured and robbed it of merchandise, there being no custodian or other

person in the building having control of the merchandise at the time of the robbery, which was about 10:30 p. m. In such circumstances, regardless of whether such person was a custodian within the meaning of the policy or not, the robbery was not of merchandise of the insured from within the premises of the insured while a custodian of the insured having direct care and custody of the merchandise of the insured was on duty within the premises, and a verdict in favor of the insured was not authorized by the evidence.

3. The insurer was not estopped and did not waive any of the conditions and terms of the policy by the fact that the agent of the insurer who wrote the policy knew at the time that the business and property of the insured was left in charge of a person, who, in addition to performing the duties of a night watchman, performed the duties of a clerk and salesman and had complete custody and control of the property insured, but who did not stay in the premises of the insured during the entire night, asserting control over such merchandise in that manner, where the policy specifically provided that the insurance company was not liable except where the robbery was of merchandise, money, or securities of the insured in its premises at the time of the robbery and while the same was in the custody and care of a custodian who was in the building or in the premises of the insured at the time of the robbery. *Aronoff* v. *U. S. Fire Ins. Co.*, 178 *Ga.* 97 (172 S. E. 59) ; *Fields* v. *Continental Ins. Co.*, 170 *Ga.* 28 (2 *b*) (152 S. E. 60) ; *Morris* v. *Orient Ins. Co.*, 106 *Ga.* 472 (33 S. E. 430). This case is unlike *Metropolitan Life Ins. Co.* v. *Hale*, 177 *Ga.* 632 (170 S. E. 875), and cit., and *Corporation of Royal Exchange Assurance* v. *Franklin*, 158 *Ga.* 644 (124 S. E. 172). There can be no such waiver as to matters occurring subsequently to the issuance of the policy, or estoppel of the insurer as to future matters. The insurer had the right to assume that the insured would, after the issuance and acceptance of the policy, conform to the provisions thereof in the manner of conducting its business.

4. It follows that the judge erred in overruling the motion for new trial, and that the appellate division of the municipal court erred in affirming that judgment.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 2, 1935. REHEARING DENIED AUGUST 5, 1935.

*Harold Hirsch, Marion Smith, Welborn B. Cody,* for plaintiff in error.

*John H. Boman Jr., Henry C. Davidson, Warren Cox,* contra.