*Shelby Myrick,* for defendants.

## SOUTHERN FEED STORES INCORPORATED *v.* GREAT AMERICAN INDEMNITY COMPANY.

No. 11225.   MAY 12, 1936.

*Warren Cox, Henry C. Davidson,* and *John H. Boman Jr.,* for plaintiff.

*Harold Hirsch, Marion Smith, W. B. Cody,* and *Edward L. Cody,* for defendant.

BECK, Presiding Justice.   Southern Feed Stores Inc. bought a robbery-insurance policy from the Great American Indemnity Company of New York, on March 16, 1932.   While the policy was in force a robbery occurred at the store of the insured, in Atlanta, on September 19, 1932.   Southern Feed Stores brought an action at law on this policy in the municipal court of Atlanta, and relied on the law of waiver and estoppel, as to the definition of "premises" referred to in the policy.   A jury trial was had, and on July 28, 1934, a jury returned a verdict in favor of the plaintiff.   A motion for new trial was refused, and the defendant carried the case to the Court of Appeals, which court, on July 2, 1935, held that "the judge erred in overruling the motion for new trial, and the appellate division of the municipal court erred in affirming that judgment."   This decision of the Court af Appeals was predicated upon the grounds that the law of waiver and estoppel was not applicable to the facts as to the definition of "premises," as relied upon by the plaintiff in the action at law in the municipal court.   The record in that case was taken to the Supreme Court on an applica-

tion for a writ of certiorari from said decision of the Court of Appeals. The Supreme Court refused to grant the certiorari, and the case was returned for trial in the municipal court. While it was thus pending in the municipal court the plaintiff filed its equitable petition in the superior court, on October 9, 1935, against the same defendant, to recover for the same loss, setting up the same allegations as to robbery and the same policy of insurance, but seeking to reform the policy as to the definition of "premises" embodied in the policy, and the enforcement of the policy as reformed, and praying for a consolidation of the suit at law in the municipal court with the equitable suit in the superior court. To this petition the defendant filed a general demurrer. Upon the hearing the court overruled the demurrer on each and every ground except that of laches. This ground was sustained, and the petition was dismissed.

The petition alleged, in brief, that the defendant (insurer) sold to plaintiff a robbery-insurance policy, for protection against loss by robbery of merchandise at the plaintiff's place of business, 78 Milton Avenue, Atlanta; that premiums were regularly paid by the plaintiff; that· merchandise was stolen from the warehouse at 78 Milton Avenue, Atlanta, while a custodian was in charge thereof at night; that the defendant refused to pay, because plaintiff's custodian was not actually within the four walls of the warehouse at the time of the robbery, although the custodian was on the plaintiff's land and at the plaintiff's place of business performing his regular duties there (78 Milton Avenue, Atlanta); that the defendant erroneously, wrongfully, and wilfully inserted in the policy a different definition of "premises" than that which the parties, when contracting, had agreed upon; that the plaintiff complied with all conditions precedent, e. g., due submission of proofs of loss; and that the action in the municipal court was ineffectual and inappropriate. The plaintiff prayed that the suit in the municipal court be consolidated with the equitable suit, in which a reformation of the contract was sought, so that the plaintiff might thereby be relieved of the hardship of the clause in the policy which required that any suit on the policy be instituted within two years from the date of the loss. The petitioner alleged that it relied upon the truth and integrity of the defendant's agent that the policy would be written as contracted for, and for that reason the policy was not read until after the loss occurred; that the ·defend-

ant attempted to take advantage of its own wrong, by showing that payment of the loss was refused because the plaintiff's custodian was not on the premises, as defined in the policy, which the plaintiff alleges was an erroneous definition. The prayers were that the case in the municipal court be consolidated with this equitable petition; that the policy be so reformed as to speak the true contract of the parties, and that when reformed plaintiff recover thereunder for the loss it sustained by reason of the alleged robbery.

■ The demurrer is in the following language: "Defendant demurs generally to the petition, upon the ground that the same sets forth no cause of action." The court, after the hearing, rendered this judgment: "The within general demurrer having come on to be heard, and after hearing argument, the demurrer is hereby sustained upon the ground only that the plaintiff is guilty of laches in bringing the action for reformation. Otherwise the demurrer is overruled." We are of the opinion that the court erred in rendering this judgment. Defendant's counsel insist that if the judgment sustaining the general demurrer was right for any reason, the fact that the court put it upon the single ground of laches would not authorize a reversal. The demurrer, as we note, is general, and the court expressly overruled the demurrer otherwise than in so far as it ought to be sustained because the plaintiff was guilty of laches. We do not think that the facts alleged show such laches on the part of the plaintiff as would prevent maintaining a suit upon the policy if it be reformed in accordance with the prayers of the petition. In *Niagara Fire Insurance Co.* v. *Jordan,* 134 *Ga.* 667 (68 S. E. 611, 20 Ann. Cas. 263), it was said: "The mistake in the policy was not discovered until after the fire, which occurred a little less than three months after the policy was issued. It is contended that the plaintiff's failure to inspect the policy which was in his possession for nearly three months amounts to such laches and negligence on his part as to preclude any right of reformation of the policy. The trend of authority is that a mere failure of the insured to read his policy does not amount to such laches as will debar him from having such policy reformed for mistake therein. Fitchner *v.* Fidelity Mutual Fire Ass'n, 103 Iowa, 276 (72 N. W. 530); Taylor *v.* Glens Falls Fire Ins. Co., supra; Phœnix Ins. Co. *v.* Gurnee, 1 Paige, 278 (19 Am. D. 431). A policy of insurance is issued by the insurer and signed by him or his agents; it is not

contemplated that the insured shall sign it. In the insurer's promise to deliver an accurate policy, according to his oral agreement with the insured, the insured has a just expectation that there will be no designed variance. A man should not be permitted for his pecuniary advantage to impute it to another as gross negligence that the other trusted to his fidelity to his promise. Palmer *v.* Hartford Fire Ins. Co., 54 Conn. 488 (9 Atl. 248). The case is quite different from those instances where a man, who has negligently signed a contract, endeavors to be relieved of its obligation by setting up his own negligence. The fact that the policy as actually made out was in the plaintiff's hands for nearly three months, and until after the fire occurred, is a circumstance to be weighed by the jury as bearing on the truth of the allegation that the policy did not pursue the oral contract." In *Overland Southern Motor Co.* v. *Maryland Casualty Co.,* 147 *Ga.* 63 (92 S. E. 931), the court adopted most of the above quotation in discussing a question similar to the question involved here. And there are other cases where rulings similar to that stated in these excerpts are applied. See *Equitable Building & Loan Asso.* v. *Brady,* 171 *Ga.* 576 (156 S. E. 222).

■ There had been no election of remedies by the plaintiff in this case. In Royal Insurance Co. *v.* Stewart (Ind. App.), 121 N. E. 307, it was said: "In action on insurance policy, in which plaintiff alleged waiver and estoppel of insurer, where based on ruling sustaining demurrer on ground that facts alleged did not show waiver or estoppel, subsequent action to reform policy on ground that provision had been inserted by mistake and to recover on policy as reformed was not precluded." And we are of the opinion that that ruling is sound.

■ We are further of the opinion that this action is not barred by the provision of the policy, on the ground that it was brought more than two years after the loss occurred, the policy as written barring a suit brought after that long a time. The suit at law was brought on the policy in the municipal court of Atlanta, where a judgment was rendered for the plaintiff. This was taken by the insurance company to the Court of Appeals, where that judgment was reversed. *Great American Indemnity Co.* v. *Southern Feed Stores Inc.,* 51 *Ga. App.* 591 (181 S. E. 115). The Court of Appeals held that the plaintiff could not recover under the doctrine

of estoppel or waiver, etc. And the bringing of this equitable action in the superior court to reform the policy is not, in considering the question of election, to be treated as a separate and distinct suit. If the action at law which was brought in the municipal court, had been brought in the superior court, it might have been amended by adding the allegations of mistake and the other grounds for the reformation of the contract which are made in this equitable action; and such an amendment will be treated as of the date of the original action, and that was within the time fixed in the policy. If the allegations in the equitable action for reformation as to mistake are not sufficiently definite and precise, that was a matter for special demurrer; but no special demurrer appears to have been filed, the defendant relying upon the general demurrer set forth above. It follows from what is said that the court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*