27080. OAST *v.* MOPPER.

DECIDED OCTOBER 17, 1938.

*Girard M. Cohen, John R. Fawcett,* for plaintiff.
*Hester & Clark,* for defendant.

SUTTON, J. The present suit was brought to recover damages for injuries sustained while the plaintiff, a young lady twenty years of age, was an invited guest in a "family car" of the defendant, which car was alleged to have been operated by the defendant's minor son in a grossly negligent manner about 1:30 o'clock in the morning while driving from Tybee to Savannah. The defendant filed an answer denying substantially the allegations of the petition. The jury returned a verdict in favor of the defendant. The plaintiff's motion for new trial, on general and special grounds, was overruled, and the exception is to that judgment.

■ Without setting out in detail the evidence introduced on the trial of the case, it may be said that the jury was authorized to find, under the view of the evidence most favorable to the plaintiff (the defendant submitting no evidence), that the driver of the automobile momentarily ran the car off of the roadway to the shoulder thereof and was thereupon requested by the plaintiff, sitting on the front seat with him, to keep his eye on the road and that he promised that he would do so; that in a few minutes thereafter the driver repeated the operation, and, on being asked by the plaintiff if he was sleepy, answered "I must be sleepy," and was again admonished by the plaintiff to "keep his eye on the road and watch;" that the plaintiff then rested her head on the back support of the front seat of the car, her hands over her eyes, and, after talking with him several minutes, remained silent; that she made no offer to do the driving, as she had done in part in going to

Tybee, she testifying that on the return trip she was not sleepy but was tired, for certain stated reasons; that she made no effort to keep the driver awake or to be allowed to abandon the car; that she was not restrained in any way; that subsequently the car, while the defendant's son was still at the wheel, left the roadway and ran into a tree, with the result that the plaintiff sustained certain described injuries. It is well settled that the question of negligence, and whether or not the plaintiff by the exercise of ordinary care might have avoided the consequences to herself of the negligence of another, is for the determination of the jury except in plain and indisputable cases. Under the evidence here presented, the jury was authorized to find that, even if the driver of the car was guilty of gross negligence, the plaintiff might, by the exercise of ordinary care, as under the Code, § 105-603, provided, have avoided the consequences to herself of the negligence of the driver. Consequently it was proper for the jury to return a verdict in favor of the defendant.

■ Error is assigned on the statement of the court to the jury, in connection with a reference to the allegations of the petition and the answer of the defendant, that "Now, on the other hand, the defendant denies those things, and these represent substantially the contentions of the parties," it being contended that it was inapt and not adjusted to the facts of the case, in that no evidence was introduced by the defendant denying or disputing any fact testified to by the plaintiff or her witnesses. It was not error to state the contentions made by the pleadings. The defendant's answer denied the substantial allegations of the plaintiff's petition, and thereby made an issue of fact as provided for by the Code, § 81-303, and by that denial the burden of proving the essential allegations of the petition was cast upon the plaintiff. *Savannah Electric & Power Co.* v. *Hines,* 37 *Ga. App.* 733 (141 S. E. 818).

■ A similar ground of complaint was made as to the statement of the court that "You are not to rely on the statement of the contentions of the parties as given you by the court, but you will have the pleadings with you in your jury-room, and you are referred to them in order to determine in more detail what were the disputed issues of fact between the parties." The charge was not error for any reason assigned; and this ground is controlled by the ruling in the preceding division of this opinion.

■ Several assignments of error complain that the court in various portions of its charge instructed the jury as to the duty of the plaintiff to avoid the consequences to herself of the driver's negligence, without also informing the jury that the duty to avoid did not arise until the negligence was apparent, or should have been apprehended, or that the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence. The contention here made is controlled adversely to the plaintiff by *Crawford* v. *W. & A. Railroad,* 51 *Ga. App.* 150, 151 (179 S. E. 852), where, after stating the principle of law which the plaintiff contends here the court should have also charged, said: "It is likewise true that 'Exceptions to instructions by the court to the jury, which in themselves are correct, on the ground that the court failed to give in connection therewith other pertinent principles of law, do not furnish grounds for the grant of a new trial.' *Roach* v. *State,* 157 *Ga.* 112 (120 S. E. 771). It follows that the judge did not err in instructing the jury, in effect, that if the defendant was negligent as alleged, and the plaintiff by the use of ordinary care could have avoided such negligence, she could not recover, in that he did not charge in connection therewith that plaintiff's duty to avoid the negligence of the defendant, if it was negligent, did not arise until the defendant's negligence was existing and apparent, or the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence. The charge complained of stated a correct applicable principle of law under the pleadings and evidence in this case; and if the plaintiff desired the principle of law quoted from the *Ferguson* case [*W. & A. Railroad* v. *Ferguson,* 113 *Ga.* 708 (39 S. E. 306)], charged in connection therewith, he should have properly requested the trial judge to so instruct the jury. *Brown* v. *Athens,* 47 *Ga. App.* 820 (4) (171 S. E. 730)." Thus it is seen that in the absence of a special request the court did not err in failing to give the additional charge contended for by the plaintiff.

■ Under the evidence the charge of the court that "A person can not be held negligent for acts or omissions in the operation of an automobile after he has fallen asleep, unless he was negligent in permitting himself to fall asleep or in driving when he knew or ought to have known he might fall asleep. The mere fact that a person falls asleep at the wheel of an automobile while driving

does not in or of itself constitute gross negligence" was not error for the assigned reason that it was inapt and not adjusted to the evidence and highly misleading to the jury.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*