42838. CLEVELAND AVENUE LIQUOR STORE, INC. v. HOME INSURANCE COMPANY.

ARGUED JUNE 5, 1967—DECIDED JUNE 12, 1967.

*Archer, Patrick & Sidener, Howell W. Ragsdale, Jr.,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Robert W. Patrick, Jr., James H. Keaton,* for appellee.

EBERHARDT, Judge. The issue in this case is whether the money was stolen "while being conveyed by a messenger" within the meaning of the insurance contract. The question appears to be one of first impression in this state, although similar policy provisions have been construed by the courts of other states. In Philip Blum & Co. v. Standard Acc. Ins. Co., 336 Ill. App. 354 (83 NE2d 605) an insurance of money "while being conveyed by chauffeur or driver" was held to mean during the time that the money is under the protective custody of the driver, and it was not covered when locked in a safe left in a garage overnight. In J. & C. Drug Co. v. Maryland Cas. Co., (St. Louis Ct. of App.) 298 SW2d 516, an insuring against loss or theft "from a messenger while conveying money outside of the premises" was held not to cover money carried by the messenger from one of the insured's stores to another (to be deposited in a bank) and there placed in the store safe temporarily while money to be deposited from that store was gotten together, and there was a loss by a holdup and robbery of the store. In Monteleone v. American Employers' Ins. Co., 239 La. 773 (120 S2d 70) an insurance of money "while conveyed by a messenger" was held to afford coverage only while the money is in the personal possession of the messenger. The same result was reached in Sansone v. American Ins. Co., 245 La. 674 (160 S2d 575), where it was held that no coverage was afforded when the messenger, carrying the money in his coat pocket, went into a private club and while engaged in a dice game had a porter take his coat and hang it in the cloak room—where the money disappeared. Similarly in O. K. Express Corp. v. Maryland Cas. Co., 198 NYS2d 105, there

was no coverage when the messenger took the money, placed it in his wallet and carried it home with him, where it was lost during the night. Holdings of similar effect are to be found in Trad Television Corp. v. Hartford Acc. & Ind. Co., 35 N. J. Super. 36 (113 A2d 47), and American Indem. Co. v. Swartz, 250 F2d 532 (8th Cir.).

While there are some factual distinctions and some varying policy provisions in these cases (and we have found no others construing this policy provision), collectively they stand for the proposition that the phrase "while being conveyed by a messenger" requires that the stolen or lost money must be in the immediate custody or possession of the messenger at the time of the theft and that the messenger must be "conveying" the money rather than acting as a custodian or repository.

We find it unnecessary to determine whether the money was being "conveyed" at the time of the theft, for we conclude that the custody required by the insurance contract was lacking. "The contract as a whole must be looked to in arriving at the construction of any part." *Cotton States Mut. Ins. Co. v. Hutto,* 115 Ga. App. 164, 166 (154 SE2d 375). Under the definition of "messenger" set out in the policy it is apparent that the messenger is to have the *"care* and *custody* of the insured property outside the premises." (Emphasis supplied).

The requirement of *protective* custody while being conveyed is further borne out by the additional coverage afforded to the property "while being conveyed by . . . any armored motor vehicle company."

While another similar clause in this insuring agreement would undoubtedly cover cases of liquor and other merchandise sold by the plaintiff, and it may not be reasonable to suppose that this requires the messenger physically to hold or carry the cases of liquor while being conveyed, it does not follow that there is no requirement of personal custody *in regard to money and securities* which do not appear to be too heavy or unwieldy to be manually carried. Since there is a requirement of custody, and this requirement extends to various types of property, the standard to be applied must be determined by taking into account the nature of the property being conveyed and the attendant circumstances.

868

No sufficient reason appears why the money in the plastic zipper money bag could not have been manually carried by McIntyre into his home, where it would have been covered under a policy provision relating to the home of the messenger, or why it was necessary to leave the money bag on the seat of an unlocked car. When he left it unprotected in the car, parked on a public street, as an open invitation to any who passed along to take it, it was not in his custody, within the provisions of the policy. We must therefore hold that the requirements of the insuring agreements were not met, and the judgment must be

*Affirmed. Felton, C. J., and Hall, J., concur.*