46771.   SOUTHEASTERN FIDELITY INSURANCE
COMPANY v. McDONALD et al.

ARGUED JANUARY 7, 1972—DECIDED JANUARY 28, 1972.

396

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Victor A. Cavanaugh,* for appellant.

*Rich, Bass, Kidd & Broome, Robert J. NeSmith, Long, Weinberg, Ansley & Wheeler, John E. Talmadge,* for appellees.

QUILLIAN, Judge. The issue for determination is whether appellee McDonald was afforded liability coverage by the insurance policy which was issued to Parks the owner of the automobile she was driving at the time of the collision. The appellant contends that there was no coverage because she fell within the provisions of the restrictive clause of Parks' policy stated above. There was no question that she was under 25 years of age and was driving the insured's vehicle. The remaining question is whether she was living, residing or domiciled "in the household of the insured." The facts show that both she and Parks were living in a house which was owned by their father. The appellant contends that "living in the household of the insured" means living in the *same* household as the insured. Appellee McDonald contends that "living in the household of the insured"

means a household of which the insured is the head and therefore in the present case both Parks and appellee McDonald were in fact living in the household of their father.

Both constructions of the policy provisions are logical and reasonable. However, "Where an insurance policy is fairly susceptible of two or more different but sensible and reasonable constructions, the one will be adopted which, if consistent with the objects of the insurance, is most favorable to the insured. 'In other words a contract of insurance couched in language chosen by the insurer is, if open to construction contended for by the insured, to be construed most strongly, or strictly, against the insurer and liberally in favor of the contention of the insured.'" *Fokes v. Interstate Life &c. Ins. Co.,* 59 Ga. App. 680 (2 SE2d 170).

Had the insurance company meant for the provisions to exclude any person under 25 who was living in the *same* household as the insured it could have so stated in the policy.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*