48034. AMERICAN CASUALTY COMPANY v. CRAIN-DALY VOLKSWAGEN, INC.

CLARK, Judge. As this marks the fourth time in the short space of six years that our court has been called upon to decide a coverage question under a standard "messenger theft policy," insurers might well consider clarifying their contracts. In fact, when one considers the number of litigated cases from other jurisdictions on this matter and their diversity of decisions on similar facts it becomes "curiouser and curiouser" (from Alice in Wonderland) that such revision has not heretofore occurred.

Our three previous cases are *Cleveland Ave. Liquor Store v. Home*

*Ins. Co.,* 115 Ga. App. 864 (156 SE2d 202), *Atlanta Tallow Co. v. Fireman's Fund Ins. Co.,* 119 Ga. App. 430 (167 SE2d 361), and *Hawkins Iron &c. Co. v. Continental Ins. Co.,* 128 Ga. App. 462 (196 SE2d 903). It is significant that the briefs filed in the last case argued similarly to those presented in the instant appeal, namely: the insured in each instance pleads their facts come within the *Atlanta Tallow Co.* case while the insurer contends their situation comes within the *Cleveland Ave. Liquor Store* ruling. Our *Hawkins Iron &c. Co.* opinion applied neither of the two precedent and instead ruled that even though the monetary receipts were stolen from the locked glove compartment of the insured's locked truck that the facts there constituted a "storage situation" rather than one in which the money was "being conveyed by a messenger." The decisive item constituting the ratio decidendi was the fact of the vehicle being parked for an overnight period as contrasted with the ten minute interval which existed in the *Atlanta Tallow Co.* case.

The *Cleveland Ave. Liquor Store* case ruled that "A loss of money in a zippered plastic case left on the front seat of an unlocked car parked by the messenger in front of his house while he took time to eat lunch is not covered" under the "messenger conveyance" and "care and custody" provisions. This court undertook in the *Atlanta Tallow Co.* case to discuss the *Cleveland Ave. Liquor Store* ruling in four separate opinions. Judge Eberhardt who had written the *Cleveland Ave.* decision dissented on the basis that his initial opinion had "concluded that the protective care and custody of money contemplated by the contract is actual personal possession by the messenger." 119 Ga. App. 430, 436. The special concurrences written respectively by Judges Deen and Hall did not accept this conclusion. Judge Deen's special concurrence joined in by three judges suggested "the practical necessity of overruling it [the *Cleveland Ave.* case]." P. 433. But Judge Hall, who had concurred in that case did not agree that the prior decision should be overruled. Instead his concurring opinion joined in by two judges differentiated the *Cleveland Ave.* case on its facts. This factual differentiation was that "The money was still in the messenger's protective custody (locked glove compartment of a locked car) during a 10-minute interval while in the process of being conveyed." P. 435.

The holding of the *Atlanta Tallow Co.* case as expressed in the opinion concurred in by eight judges with only one dissent is that coverage exists under such an insurance contract occurring

during a ten-minute interval from a locked company vehicle used by the employee authorized to transport company funds. The headnote recites it was "error to grant summary judgment for the defendant insurer under either a theory that the money was not being 'conveyed' or that it was not in the 'custody' of the employee at the time of theft."

The three previous decisions were on summary judgments. In the present case the appeal is from a judgment based upon a jury verdict. Plaintiff's testimony brought the case within the ambit of the *Atlanta Tallow Co.* decision whereas the version from defendant insurer's witnesses fitted it to the *Cleveland Ave. Liquor Store* ruling. Plaintiff's employee testified that the theft occurred from a locked company vehicle during a brief stop to check some auto parts for his employer during the return trip from the bank. This was contradicted by the insurer's adjuster who had procured a signed statement from the employee that the left front door had been left unlocked which assertion was confirmed by the Atlanta detective investigating the crime. The employee explained that his illiteracy had prevented him from reading the written document and he denied having so informed the officer, he insisting that he had told them all doors were locked but that upon his return the left hand door was unlocked.

In reliance upon the *Cleveland Ave.* case the insurer moved for directed verdict in its behalf. Its counsel argued then and also urged in our court that the facts presented by the insurance adjuster and the city detective brought the case within the *Cleveland Ave. Liquor Store* ruling. Since, however, the sworn testimony of the employee was similar to the facts of the *Atlanta Tallow Co.* case the trial judge correctly ruled that the contradiction in the two versions was for determination by the jury.

The insurer then made two written requests to be included in its charge to the jury which requests were based upon the *Cleveland Ave.* opinion. Both of these written requests were denied.

The jury returned a verdict for the plaintiff in the amount established by the plaintiff's evidence as being the amount of the loss. After denial of a new trial motion, this appeal followed.
*Held:*

1. Because the testimony from the plaintiff's employee brought the factual situation within the ambit of the *Atlanta Tallow Co.* case the trial court was correct in declining to sustain a motion for directed verdict for the insurer and in refusing to charge the

written requests based upon the *Cleveland Ave. Liquor Store* case. Accordingly we rule enumerations numbers 1, 2 and 3 to be without merit.

2. The fourth enumeration of error asserts the court erred in submitting to the jury certain legal rules for construction of the insurance policy. The judge charged the jury the legal principle that a contract of insurance was to be construed against the insurer which language was a correct statement of the law taken from *Southeastern Fidelity Ins. Co. v. McDonald,* 125 Ga. App. 394 (188 SE2d 162). The court further charged that ambiguities in an insurance contract shall be construed most favorably toward the insured and most strongly against the insurer. This too is a correct legal principle. But it is not the province of the jury to construe unambiguous contracts. In fact it is error to submit such question to the jury. *Empire Mills Co. v. Burrell Engineering &c. Co.,* 18 Ga. App. 253 (1) (89 SE 530). The duty to construe contracts is upon the court. *McCann v. Glynn Lumber Co.,* 199 Ga. 669, 679 (34 SE2d 839); *Carter v. Turbeville,* 90 Ga. App. 367, 369 (83 SE2d 72).

"The construction of a contract is a question of law for the court. Where any matter of fact is involved (as the proper reading of an obscurely written word), the jury should find the fact." Code § 20-701. Contracts, even when ambiguous, are to be construed by the court and no jury question is presented unless after application of applicable rules of construction an ambiguity remains. *Farm Supply Co. v. Cook,* 116 Ga. App. 814 (1) (159 SE2d 128); *Chalkley v. Ward,* 119 Ga. App. 227 (7) (166 SE2d 748). Insurance policies being contracts, the decisions have held that the matter of construction is for the court. *Mass. Benefit &c. Assn. v. Robinson,* 104 Ga. 256 (7) (30 SE 918, 42 LRA 261); *Genone v. Citizens Ins. Co. of New Jersey,* 207 Ga. 83, 86 (60 SE2d 125); *Davis v. United &c. Life Ins. Co.,* 215 Ga. 521 (2) (111 SE2d 488); *Cherokee &c. Life Ins. Co. v. Baker,* 119 Ga. App. 579, 584 (168 SE2d 171).

A case on all fours to that at bar is *California Ins. Co. v. Blumburg,* 101 Ga. App. 587 (115 SE2d 266). There the trial judge used the same language as was used here in instructing the jury to construe the insurance policy against the company and favorably to the insured. This was held to be error requiring a new trial. At p. 591 our court said, "The rules of law set forth in the Code with respect to the construction of contracts are framed for the guidance and direction of the courts. Except in cases where the

meaning of obscurely written words is involved, and where there is evidence tending to show that the meaning of such words was differently understood in one way or another by the parties to the contract, it is improper to submit to the jury any question as to the construction of the contract. Except in such cases it is clearly error and improper for the court to give the jury any instruction with regard to the manner in which the contract should be construed. [Cits.]" In accord are *Davis v. United &c. Life Ins. Co.*, 215 Ga. 521, 526 (111 SE2d 488) and *Mergenthaler Linotype Co. v. Glover Printing &c. Co.*, 58 Ga. App. 634 (199 SE 756). It was therefore error for the court to submit the question of construction of the insurance policy to the jury.

3. As this case must be reversed by reason of this error it is unnecessary to deal with the remaining enumerations of error which are not likely to occur upon a re-trial.

*Judgment reversed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Pannell, Deen, Quillian and Stolz, JJ., concur. Evans, J., dissents.*

Argued April 4, 1973 — Decided September 6, 1973.

*Gambrell, Russell, Killorin, Wade & Forbes, David H. Handley, Robert B. Wedge,* for appellant.

*Harland, Cashin, Chambers & Parker, Harry L. Cashin, Jr.,* for appellee.

Evans, Judge, dissenting. I dissent from the majority holding in Division 2 of the opinion that the trial court committed reversible error as to its instructions to the jury on the way and manner in which insurance policies are interpreted.

1. The majority opinion, relying upon *California Ins. Co. v. Blumburg,* 101 Ga. App. 587 (2) (115 SE2d 266), overlooks the factual situation in the case sub judice, and that same is squarely within the exception therein discussed; and overlooks the later case of *State Hwy. Dept. v. W. L. Cobb Const. Co.,* 111 Ga. App. 822 (4) (143 SE2d 500), which is exactly in point with the case sub judice.

2. The *Blumburg* case, supra, relied on by the majority, at page 592, cites three cases in support of its holding, but none of those three cases involves a reversal of a trial judge for erroneously charging the jury. The *Blumburg* case, further, in the second headnote, holds that "it was error for the trial judge to instruct the jury that *they should construe the insurance contract against the company."* (Emphasis supplied.) In the case sub judice, the trial

judge did not instruct the jury that *they should construe the contract,* and a careful reading of his charge will show that he merely gave them the rules under which same was construed. In failing to tell the jury that it was their duty to make the construction the only meaning that could have been by the jury attached to the charge on this point was that the judge himself had so construed the policy.

3. Now we come to the exception. At the bottom of p. 591 the *Blumburg* case holds: " 'The construction of a contract is a question of law for the court. Where any matter of fact is involved (as the proper reading of an obscurely written word), the jury should find the fact.' Code § 20-701. *There was no issue in the case to which this instruction would have been applicable.* " (Emphasis supplied.)

But there *was* such an issue in the case sub judice. Plaintiff's complaint, in paragraph 2, alleged as to what the defendant agreed and promised to make good and indemnify. In other words, plaintiff was alleging what the policy of insurance meant and what it insured. But defendant made a factual issue of this allegation, and denied paragraph 2 of complaint, and alleged that plaintiff's allegation as to what was insured and what the policy meant, was an incorrect conclusion on plaintiff's part as to the legal effect of the policy, and "said allegations ignore numerous provisions of said policy and are specifically denied."

By this answer, defendant made an issue and question of fact as to the interpretation and construction of the policy, and did so in the most vague and general manner imaginable, by referring to "numerous provisions of the policy," without specifying or designating any particular provision. We repeat, this made an issue of fact as to the meaning of the policy. This question could have been removed from the pleadings as a question of fact by motion to strike, or by motion for pre-trial order, leaving construction of the contract to the court, and requesting that he construe same. *But this was not done.* The factual question as to the meaning of the policy was left in the pleadings. Of course, the issues in a case are properly framed by the pleadings. *York v. Stonecypher,* 181 Ga. 435, 437 (182 SE 605). It has been held time without number that a trial judge may properly charge on any issue made by the pleadings, and this is without regard to whether such issue is supported by evidence. The mere fact that it is made an issue in the pleadings, authorizes the charge thereon. *Western & A. R. v. Lochridge,* 170 Ga. 208, 219 (152 SE 474); s.c., 39 Ga. App.

246 (4) (146 SE 776); *Matthews & Co. v. Seaboard A. L. R.,* 17 Ga. App. 664 (87 SE 1097); *White v. Knapp,* 31 Ga. App. 344 (7a) (120 SE 796); *Ga. R. &c. Co. v. Simms,* 33 Ga. App. 535 (5) (126 SE 850); *Hunt v. Pollard,* 55 Ga. App. 423 (5) (190 SE 71); *Oast v. Mopper,* 58 Ga. App. 506, 507 (199 SE 249); *Ga. Power Co. v. Sheats,* 58 Ga. App. 730, 742 (199 SE 582); *Atlantic C. L. R. Co. v. Ansley,* 84 Ga. App. 89 (3) (65 SE2d 463).

Therefore, the charge in this case comes within the exception noted in the *Blumburg* case, relied on by the majority.

4. A case overlooked by the majority opinion is that of *State Hwy. Dept. v. W. L. Cobb Const. Co.,* 111 Ga. App. 822 (4) supra. This case holds that it is proper to charge the jury as to the manner of construing a contract where the parties thereto differ among themselves as to the proper interpretation in pari materia of various contract provisions. The judge charged the jury that the contract should be construed most strongly against the party preparing it. He also instructed the jury (p. 830) to construe a certain section in connection with other provisions of the same section. (Note that this went much further than construing one obscurely written word.) This was held to be a correct principle of law; and was further specifically held *not to be error to so charge the jury.* Thus, under this authority, the trial judge did not commit error in the case sub judice.

5. Having left in the pleadings an issue of fact as to the real meaning of the policy, plaintiff contending one thing and defendant denying same and contending something else, and making reference to the various provisions of the policy as proof, then the trial judge was authorized to charge the jury on the way and manner in which a policy of insurance is construed. This was injected into the case by defendant's own conduct in denying the meaning attributed to the policy by plaintiff, and taking no steps to remove this issue of fact from the pleadings, by motion to strike, pre-trial conference, or otherwise. It is too late now for defendant to complain of action of the court which his own conduct produces. *Steed v. State,* 123 Ga. 569 (2) (51 SE 627); *Caesar v. State,* 127 Ga. 710 (2) (57 SE 66); *Gaskins v. State,* 12 Ga. App. 97 (4) (76 SE 777).

6. It is not enough to show error. Before a new trial will be granted, it must be shown that the judge's charge to the jury was not only erroneous, but that it hurt the losing party. *Williams v. State,* 180 Ga. 595 (3) (180 SE 101); *Rolan v. Rittenhouse,* 107 Ga. App. 769 (3) (131 SE2d 112). If, in considering the charge as a whole, it is improbable that the jury was misled, a new trial will not be

granted, even though the charge omitted certain applicable instructions. *Stanley v. Squadrito,* 107 Ga. App. 651 (8, 9) (131 SE2d 227). Where was the hurt or damage to the defendant in the charge that was given in this case? How can it possibly be said that any injury accrued to defendant because the jury was instructed that policies of insurance are construed most strongly against the insurance company, when this is the law?

7. The majority opinion spends the first five pages in discussing the *ambiguity* of the contract, and tersely suggests on page 576 ". . . insurers might well consider *clarifying* their contracts." The majority therefore says the contract was ambiguous—we agree— and defendant was mistaken in stating that the contract was not ambiguous. The second premise is that the trial court, in effect, *instructed the jury to construe the contract.* The trial court did no such thing; he simply instructed the jury as to the way and manner in which such insurance contracts are construed. The language of the charge was: "The court further charges you gentlemen of the jury that where an insurance policy is fairly susceptible to two or more different constructions, the reasonable construction *is the one which will be adopted . . .*" A painstaking search of the entire charge will not show that the trial judge ever instructed the jury to construe the policy or that it was the duty of the jury to construe said policy. He simply instructed the jury as to the way in which policies of insurance are construed; and he gave them the correct law. Failing to ever instruct the jury to construe the policy necessarily conveyed to the jury only one thought, to wit: that it was not their duty to construe the policy because the judge had not instructed them that it was their duty to do so; and that its construction had been made by some other authority, using the rules of construction which had been correctly explained to the jury by the court. And, re-inforcing this contention, the trial judge himself proceeded at some length, immediately following the language objected to in the charge, to construe the policy himself in the presence of and for the benefit of the jury (see Tr. pp. 127-128), including the meaning of the contract's definition of the person insured; and as to the definition of a messenger and his duties.