ON REHEARING
GLADNEY, Judge.
Our former opinion, guided by the Supreme Court ruling in Monteleone v. American Employers’ Insurance Company, 239 La. 773, 120 So.2d 70 (1960), denied recovery under the policy provisions for the reason that Cefalu, Sansone’s messenger, did not keep the money in his personal custody at all times. We granted this rehearing for the purpose of reconsidering our decision in the light of the established facts as stated in the original opinion.
We have concluded that significant factual differences found in the instant case justify a different holding from that reached in the Monteleone case. These differences are disclosed below.
The Monteleone case was decided April 25, 1960, whereas the Sansone policy was written January 28, 1961. The insuring clause in the Sansone policy affords broader coverage as readily appears from a com *608 parison of the provisions of the two policies. In the Monteleone policy the provisions read:
“To pay for loss of money and securities by the actual destruction, disappearance or wrongful abstraction thereof outside the premises while being conveyed by a messenger.”
In the Sansone policy, it reads:
“To pay for loss of money and securities by the actual destruction, disappearance or wrongful abstraction thereof outside the premises while being conveyed by a messenger or any armored motor vehicle company, or while within the living quarters in the home of any messenger.”
The added clause affording protection to Sansone “while within the living quarters in the home of the messenger” does not require that the money or property be in the personal custody of the messenger during the period it is in his living quarters. The messenger is free to go in or out of his living quarters and leave the money or property in his living quarters. This was not true as to the protection afforded in the Monteleone policy and the court denied liability. Noteworthy also, we think, .is the fact that the loss occurred during the time in the Monteleone case that the messenger was absent from his living quarters where he had left the money for more than six hours. Cefalu was carrying the money in his coat while visiting his private club and the loss occurred during an interval of thirty minutes after Cefalu had directed a porter to hang the coat in an adjoining room. In the Monteleone case, the court said:
“The sole issue presented for determination is whether plaintiff’s loss is covered under the above quoted clause, which insures against theft of money outside the premises ‘while being conveyed by a messenger’.”
The organ of the court, Justice McCaleb, in explanation of the meaning of the word “convey”, observed that it suggests the “idea that the thing is being accompanied to its destination”, and further he declared:
“It does not seem to be necessary to an understanding of the word ‘convey’ that there be any indication as to whether the conveying is fast or slow, direct or indirect, or with or without temporary interruptions or periodic rests, for the word standing alone is completely understandable and not a bit vague.”
Thus, it seems to us that the action of Cefalu in causing his coat containing his employer’s money, to be hung in a nearby closet for not over thirty minutes was simply a temporary interruption and is not inconsistent with the act of accompanying the money to its destination. Nor did such a brief interlude remove the money from his personal possession or custody. This appears to be even truer since Sansone’s policy expressly extends coverage while the money is in a messenger’s living quarters whether he be present or not.
We hold that our former decision placed too narrow a construction on the insuring provision of the policy and recovery should have been allowed.
We take note of plaintiff’s answer to the appeal, asking that this court award statutory penalties and thereby increase the award of the trial court due to the insurer’s failure to timely make payment under its policy. We find the defendant’s refusal was not arbitrary, capricious or without probable cause and deny the relief asked.
It follows that the judgment of the trial court should be reinstated and it is affirmed and made the judgment of this court, appel-lee to pay all costs of this court.
AYRES, J., adheres to the reasons assigned in the original opinion, and therefore, respectfully dissents.
Rehearing denied; AYRES, J., dissents.