160 So.2d 575

Anthony SANSONE, d/b/a
Sansone's Restaurant

v.

The AMERICAN INSURANCE COMPANY.

No. 46779.

Jan. 20, 1964.

Rehearing Denied Feb. 24, 1964.

Mayer & Smith, Alex F. Smith, Jr., Shreveport, for relator.

· Wilson, Abramson, Maroun & Kaplan, Isaac Abramson, Shreveport, for respondent.

SANDERS, Justice.

This is a suit upon a "Money and Securities" insurance policy. The plaintiff seeks to recover from The American Insurance Company the sum of $2,500.00 for the loss of money entrusted to his restaurant manager for deposit in the bank.

In its policy, The American Insurance Company agreed:

> "To pay for loss of money and securities by the actual destruction, disappearance or wrongful abstraction thereof outside the premises while being conveyed by a messenger or any armored motor vehicle company, or while within the living quarters in the home of any messenger."

American resisted the demand on the ground that the loss of the money did not occur while it was being conveyed by a messenger or under the conditions specified by the policy.

The district court granted recovery, but rejected the demand for penalties and attorney's fees. After a rehearing, the Court of Appeal affirmed the judgment for plaintiff.[1] We granted a writ to review the judgment of the Court of Appeal.

1. 152 So.2d 605. Judge Ayres dissented from the judgment on rehearing.

The pertinent facts are these: The plaintiff owns and operates Sansone's Restaurant in Shreveport, Louisiana. During the late afternoon of January 17, 1962, he delivered $2,500.00 in currency to Vito Cefalu, the manager of the restaurant, for deposit in the bank the following morning. The manager bound the bills with a rubber band and put them in his trousers pocket. Cefalu left the restaurant about 6:30 p.m. He first went "downtown" to see some friends. He then proceeded to a private social club on Cross Lake near Shreveport, arriving there about 10:00 p.m. Ten or twelve members were in the club at the time of his arrival. Cefalu had coffee and donuts, talked with the other members, and watched television. He transferred the money to his coat pocket. Later he joined in a dice game. For his comfort, he removed his coat, laid it across the chair, and called to a porter to hang it. After a delay, the porter hung the coat on a rack in an adjoining room. By the time the porter transferred the coat, the game had been in progress for more than an hour. After an additional 20 to 30 minutes, Cefalu became concerned about the money, located his coat on the rack, and discovered that the money was missing. He made an investigation but could not find the lost money.

The sole issue presented is whether the money disappeared "while being conveyed by a messenger" within the terms of the insurance policy.

Significant, in our opinion, is the fact that the restaurant manager had turned aside from his function as a messenger to engage in an evening of social activities. At the time the money disappeared, he was participating in a dice game at a social club. He had delivered the coat containing the money to a porter, who removed it to an adjoining room.

■ Pertinent here are the pronouncements of this Court in Monteleone v. American Employers' Insurance Co., 239 La. 773, 120 So.2d 70, concerning conveyance by a messenger:

"The above-cited definitions of the word 'convey' all suggest not only 'the idea of passing from one place to another place' but also the idea that the thing which is 'passing from one place to another place' is being accompanied to its destination. It does not seem to be necessary to an understanding of the word 'convey' that there be any indication as to whether the conveying is fast or slow, direct or indirect, or with or without temporary interruptions or periodic rests, for the word standing alone is completely understandable and not a bit vague. In any event, the addition of the words 'by a messenger' after the word 'conveyed' clarifies, without a doubt, the meaning of the clause which plaintiff claims is ambiguous.

"The word 'messenger' is defined by Webster as meaning 'one who bears a message or does an errand'. Therefore, the addition of the phrase 'by a messenger' to the word 'conveyed' denotes conveyance by a person on an errand who keeps the property in his personal custody at all times. The conclusion that personal custody is required is strengthened by the language of Item 4 of the policy here in question, which reads as follows: 'Not more than one messenger will have custody of insured property outside the premises at any one time * * *.' " [2]

We conclude that the money was not being conveyed by a messenger at the time it disappeared. Hence, the loss does not fall within the coverage of the insurance policy.

We have reviewed *American Indemnity Company v. Swartz*, 8 Cir., 250 F.2d 532, and the other cases cited by plaintiff and find them to be distinguishable from the instant case.

For the reasons assigned, the judgment of the Court of Appeal is reversed, and the plaintiff's suit is dismissed at his costs.

---

2. The policy provisions in the instant case are identical with those in the Monteleone case except that the present policy also insures money and securities while being conveyed by "any armored motor vehicle company" and while "within the living quarters in the home of any messenger." These two additions have no application to the facts. Hence, contrary to the contention of plaintiff, the expressions of the Court in the Monteleone case are relevant here.