198 So.2d 436 (1967)
Mr. and Mrs. Anthony LABRUZZA
v.
BOSTON INSURANCE COMPANY and Fireman's Fund Insurance Company.
No. 2603.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1967.
Hattier, Schroeder & Kuntz, Michael O. Miranne, New Orleans, for plaintiff-appellant.
*437 Curtis, Foster & Dillon, Gerard M. Dillon, New Orleans, for defendants-appellees.
Before YARRUT, CHASEZ, and BARNETTE, JJ.
YARRUT, Judge.
Plaintiffs, husband and wife, brought this suit for damages for injuries sustained by the wife as a result of an accident which occurred on September 25, 1964, when she stepped into a drain cleanout, with a broken cover, located in front of the premises of Joseph Morvant in Marrero, Jefferson Parish, while she was alighting from an automobile operated by Mrs. Morvant. The original petition, filed on September 23, 1965, named as Defendants the Boston Insurance Company, liability insurer of Mr. Morvant, and Fireman's Fund Insurance Company, liability insurer of Jefferson Parish.
On February 8, 1966, sixteen months after the accident, Plaintiffs supplemented and amended their petition to join Jefferson Parish as an additional Defendant. Prior to the joinder of the Parish, Boston Insurance and Fireman's Fund both moved for summary judgments. The motion of Boston Insurance was granted, and it was dismissed from the suit, from which no appeal was taken. The motion of Fireman's Fund for a similar judgment was denied. However, a second motion for summary judgment was filed by Fireman's Fund, and an exception of prescription was urged by the Parish.
In a judgment rendered on October 13, 1966, the trial court granted the Fireman's Fund motion for a summary judgment, maintained the Parish's exception of prescription, and dismissed Plaintiffs' suit. From this judgment Plaintiffs have appealed.
First, we will consider the summary judgment dismissing Fireman's Fund which is based on an exclusion contained in its policy providing:
"STREETS AND SIDEWALKS'
"Such insurance as is afforded under Division 1 of the Definition of Hazard does not apply to the existence of streets and sidewalks of the named insured, and the definition of premises does not include such streets and sidewalks." (Emphasis added.)
The accident occurred in a grassy section between the paved portion of the sidewalk and the street curbing, which Fireman's Fund contends is a sidewalk within the meaning of the exclusion provision of its policy. The affidavit and survey of Errol E. Kelly, Civil Engineer and Surveyor, show that the drain cleanout was located in an area dedicated for public purposes. It has been held that, when used by pedestrians, such an area between the paved walkway and the curb of the roadway is a sidewalk. Long v. American Ry. Express Co., Inc., 150 La. 184, 90 So. 563, 22 A.L.R. 1493; Haindel v. Sewerage & Water Board, La.App., 115 So.2d 871. In the Haindel case, this court noted that it was proper to look to the Code of the City of New Orleans which provided that the word "sidewalk" included the area extending from the property line to the gutter curbing. Therefore we must consider the Jefferson Parish Code of Ordinances in which the terms "streets" and "sidewalks" are defined as follows:

"SIDEWALK. The word `sidewalk' shall mean any portion of a street between the curb line and the adjacent property line, intended for the use of pedestrians, excluding parkways.

"STREET. The word `street' shall be construed to embrace streets, avenues, boulevards, roads, alleys, lanes, viaducts, public servitudes and all other public ways."
Plaintiffs contend that the word "parkways" should be interpreted to mean grassy areas between paved walkways and streets. However, in Webster's New International Dictionary (2d ed. 1961) a parkway is defined *438 as "a broad thoroughfare beautified with trees and turf." A photograph of the area in question shows a bare section of grass between the paved portion of the sidewalk and the street, which we do not feel meets the requirement of a parkway. Therefore, we hold that the area in which the defective drain cleanout was located is part of the sidewalk; and, as sidewalks are specifically excluded from coverage in the Fireman's Fund policy, it has no liability here; hence, a summary judgment in its favor was proper.
In the light of this determination, we will now consider the issue of prescription. The suit against Jefferson Parish was admittedly filed more than a year after the accident. However, Plaintiffs contend that the filing of the suit against Fireman's Fund interrupted prescription against Jefferson Parish, citing LSA-C.C. art. 2097, which provides that the filing of suit against one debtor in solido interrupts prescription with regard to all debtors. On the other hand, the Parish contends that, since Fireman's Fund is not liable, it cannot be a debtor in solido with it.
Plaintiffs rely heavily on Hidalgo v. Dupuy, La.App., 122 So.2d 639. In the cited case, a direct action was filed against an automobile liability insurer in federal court. The federal suit was dismissed on the ground the "No Action" clause of the policy prohibited the suit against the insurer until judgment had been obtained against the insured. However, the federal court suit was held to have interrupted prescription with regard to a subsequent suit filed by the plaintiff against the insured more than a year after the accident. The court reasoned that since, under LSA-C.C. art. 2091, both the insured and the insurer were "obliged to do the same thing," they were debtors in solido, and a suit against one interrupted prescription as to the other. This case is not apposite here because there was clearly coverage by the insurer, it being obliged to reimburse the insured for any judgment that might be obtained against the insured; thus making them debtors in solido. In the instant case, there was no coverage and therefore no "in solido" liability between the insured and the insurer.
Moreover, the instant case is analogous to Martin v. Mud Supply Company, Inc., 239 La. 616, 119 So.2d 484, in which an employee was driving an automobile owned by his employer. A guest passenger was killed and suit instituted by his mother, who in her original petition, timely sued the employer alone. However, more than a year after the accident, she sued the employer's insurer under the omnibus clause. Subsequently, the suit against the employer was dismissed because it was found the employee was not acting within the course and scope of his employment. On rehearing, the Louisiana Supreme Court held that the suit against the insured did not interrupt prescription as to the insurer because where the insured was not liable, there could be no solidary liability between the insurer and the insured.
In the instant case the above principle is applicable, i. e., when the insurer and the insured are not bound in solido, a suit against one will not interrupt prescription as to the other. In this case, Fireman's Fund, not being liable, is not bound in solido with Jefferson Parish, and it follows the suit against Fireman's Fund did not interrupt prescription as to the Parish. Therefore the judgment maintaining the Parish's plea of prescription was proper.
For the above reasons, the judgment appealed from is affirmed; Plaintiffs to pay all costs in both courts.
Judgment affirmed.