SAVOY, Judge.
Plaintiff appeals from a judgment of the district court granting defendant’s motion for summary judgment and dismissing her suit.
In the landmark case of Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963), our State Supreme Court held that a summary judgment should only be granted if there is a showing by the mover that there is no genuine issue of fact, and the burden of proof is on the mover.
In the instant case plaintiff filed an action in tort against Roy R. Breaux, minor, *554 through his father, Roy C. Breaux, administrator; the Breaux vehicle liability insurer, Travelers Insurance Company; the City of Lafayette, and its insurer, Maryland Casualty Company.
For a cause of action plaintiff alleged that on October 7, 1967, she was driving a vehicle owned by the community in a southerly direction on Breaux Street in the City of Lafayette; that Roy R. Breaux was driving his father’s car in an easterly direction on Dulles Street toward its intersection with Breaux Street in the City of Lafayette, Louisiana; that the governing authority of the City of Lafayette, by ordinance or code, designated Breaux Street as a through street and Dulles Street as a stop street and erected a stop sign on the easterly side of Breaux Street facing the traffic approaching from Dulles Street, but failed to erect a stop sign on the westerly side of Breaux Street, facing the traffic approaching on Dulles Street. Plaintiff further alleged that the lots on the northwest and southwest quadrants of the intersection involved herein contained high grass and weeds growing well in excess of two feet high; that the City failed to cut, destroy or remove the noxious weeds and grass as provided for in Section 13-26 et seq. of the “Code of Ordinances, City of Lafayette, Louisiana”. Mrs. Foreman also alleged that when she reached the intersection of Breaux and Dulles Streets, her vision on Dulles Street was blocked by the high grass and weeds mentioned above; and as she was entering the intersection, the Breaux vehicle suddenly drove into the intersection at a high rate of speed, directly in her path. She then blew her horn and applied her brakes, but was unable to avoid the accident, resulting in the front of her vehicle striking the left front portion of the Breaux vehicle. Plaintiff alleged the City of Lafayette to be negligent in the following non-exclusive particulars:
“1. Posting a stop sign on the east side of Breaux Street facing traffic approaching from Dulles Street and failing to post the stop sign on the west side of Breaux facing the traffic approaching from Dulles Street.
“2. Designating Breaux Street a through street and Dulles Street a stop street at said intersection and failing to post the proper stop signs.
“3. Failure to cut the grass and weeds adjacent to the street and on the lot at the western side of Breaux Street and the north side and on the south side of Dulles Street.
“4. Failing to require the property owners owning the property located in the northwest quarter and southwest quarter of the intersection of Breaux and Dulles Streets to cut the tall grass and weeds on their lots.”
To plaintiff’s petition Maryland Casualty Company filed a motion for summary judgment on the ground that the policy of insurance issued by it to the City of Lafayette contained no coverage for streets and by-ways of the City of Lafayette, Louisiana; and.that it is entitled to judgment as a matter of law; and that the suit should be dismissed as to it.
The exclusionary clause reads as follows :
“In consideration of the premium at which said policy is written, it is hereby understood and agreed that the policy shall not apply:
“(2) To the existence or use of or the existence of any condition in any street, sidewalk, road, or bridge or other public way * *
After a hearing the district judge granted the summary judgment as to Maryland Casualty Company and dismissed plaintiff’s suit as to it. Plaintiff has appealed.
On the initial hearing on the motion for summary judgment, the trial judge had overruled the motion for the reason that said policy contained liability endorsed form 3463, being of the opinion that there *555 was coverage under the policy. Maryland substituted another endorsement of said policy which the court found was the correct and true copy of the actual policy, the first policy endorsement having been introduced in evidence through error. The corrected endorsement reveals the policy does not contain coverage for streets and by-ways of the City of Lafayette, Louisiana. Under the plain provisions of the last endorsement there is no coverage by-Maryland Casualty to the City of Lafayette, Louisiana.
We agree that the motion for summary judgment as to Maryland Casualty dismissing plaintiff’s suit as to it was proper. There is no material issue of fact, and the policy does not cover the City of Lafayette under the facts of this case.
For the reasons assigned the judgment of the district court is affirmed at plaintiff’s costs.
Affirmed.