STOULIG, Judge.
Plaintiff-appellant instituted two suits seeking damages for the death of her husband, Edmond P. Snell, and her father, Dr. William G. Sherwood, both of whom were instantly killed in an automobile accident on December 8, 1964, at the intersection of Division Street and Veterans Highway in the Parish of Jefferson. These suits were consolidated for trial purposes. Joined as codefendants, with other parties, were the Parish of Jefferson, its traffic engineer Carl Bordelon, and its comprehensive general liability insurance carrier, Fireman’s Fund Insurance Company. Both the Parish and traffic engineer were dismissed under a judgment maintaining their exceptions of no cause or right of action.
Some time thereafter, the insurance company filed motions for summary judgment against the original and third party demands, which motion was granted in judgments signed on February 9, 1970. Only the plaintiff in the principal demands, Mrs. Patricia Snell, has appealed from these adverse judgments.
The accident out of which the present claims arose occurred at an intersection which was controlled by a traffic signal installed by the Department of Roads and Bridges for the Parish of Jefferson. The specifications of negligence against the Parish are that the Department failed to provide an adequate control system at the intersection in that it designed and placed in operation a deceptive control system requiring more than the ordinary or average standard of perception and judgment; in that it failed to adequately shield conflicting traffic signals resulting in confusion and entrapment; and in that it improperly located traffic signals within the intersection. In substance, the Parish is charged with gross deviation from acceptable standards of performance in carrying out the governmental function of installing and *649 maintaining a traffic control system in accordance with recognized engineering principles.
It is undisputed that the Parish of Jefferson under its Charter [Sec. 1.01(4) (5)] is empowered to adopt ordinances relative to maintaining and operating traffic control devices. In pursuance of this authority it adopted Ordinance 3808 designating the Department of Roads and Bridges as the agency to “direct, control and supervise traffic engineering throughout the Parish.” Subsequently, the Department placed traffic signals at the intersection where the fatal accident occurred, which action forms the basis of plaintiff’s complaints of negligence.
Two issues are presented for adjudication by these appeals. The first is whether coverage is afforded under the policy of insurance; and the second, which is pleaded in the alternative, is whether the insurer is equitably estopped from asserting the defense of policy exclusion.
A resolution of the first query involves an interpretation of the defendant’s contract of insurance with the Parish of Jefferson.
It is now well accepted that in the absence of a statutory prohibition, or unless inhibited by public policy, the parties may, in a policy of insurance, contract for the type and extent of coverage under such terms and conditions as may be mutually agreed upon. Once confected, the contract of insurance has the effect of law between the parties as to the area with which it deals. It is subject to the same rules of interpretation as are generally applicable to written agreements. When no ambiguity or uncertainty exists in its terms as to intention of the parties or the coverage afforded thereby, it shall be accorded full efficacy in all respects.
A concise restatement of the jurisprudence relative to the interpretation of contracts of insurance is set forth in the case of Sumrall v. Aetna Casualty and Surety Company, 124 So.2d 168, 180 (La. App.2d Cir. 1960), as follows:
"A policy of insurance is a contract between the parties and, so far as they are concerned, it is the law of the case. The rules for its interpretation are the same as for the interpretation of agreements generally. Where the language is clear and expresses the intention of the parties, the contract is enforced as written. * * * However, in construing the provisions of an insurance contract as binding the parties thereto, the words of the agreement will be given their general and popular interpretation and not that which is strained and unusual. LSA-C.C. Art. 14. If the terms are clear and unambiguous, they are to be taken and understood in their plain and ordinary sense. While all uncertainties and ambiguities must be construed in favor of the insured and against the insurer, courts are unauthorized to alter the terms of the policies under the guise of interpretation when they are couched in unambiguous language. Monteleone v. American Employers’ Ins. Co., 239 La. 773, 120 So.2d 70; Hemel v. State Farm Mut. Auto. Ins. Co., 211 La. 95, 29 So. 2d 483; Edwards v. Life & Casualty Ins. Co. of Tenn., 210 La. 1024, 29 So. 2d 50.”
In various aspects these principles have been reaffirmed in Barrett v. State Farm Mutual Automobile Ins. Co., 236 So.2d 900 (La.App. 3d Cir. 1970), and Hurst v. Hardware Mutual Casualty Company, 234 So.2d 802 (La.App. 1st Cir. 1970).
The record reflects that the defendant, Fireman’s Fund Insurance Company, issued to the Parish of Jefferson a comprehensive general liability insurance policy. This contract, in general, covered all phases of the Parish’s governmental activities; however, in order to minimize the amount of premiums, only certain types of risks were selected, with additional exclusions from coverage, and with the further modification of applicability to designated departments or administrative bodies. Apparently for the purposes of clarity and to eliminate a multiplicity of endorsements, *650 the terms of the policy are set forth in an instrument having five Divisions of Hazards, with an identification of the department covered thereby, and, in some instances, the location of the particular public facility involved.
A review of the policy reflects that the Department of Roads and Bridges is listed only under Division 1 of the description of hazards namely, “1. Premises—Operations.” Attached to the policy is the following endorsement in effect on the date of the accident, which reads as follows:
“STREETS AND SIDEWALKS
Such insurance as is afforded under Division 1 of the Definitions of Hazard does not apply to the existence of streets and sidewalks of the named insured, and the definition of premises does not include such streets and sidewalks.”
This court in the case of LaBruzza v. Boston Insurance Company, 198 So.2d 436 (La.App. 4th Cir. 1967), interpreted the legal effect of this same contract of insurance with this identical endorsement. After referring to the definition of “Sidewalks” and “Streets” as set forth in the Jefferson Parish Code of Ordinances the court ruled under this exclusionary endorsement, “as sidewalks are specifically excluded from coverage in the Fireman’s Fund policy, it has no liability here; hence, a summary judgment in its favor was proper.”
Although the LaBruzza judgment refers to sidewalks, it is equally controlling as to streets since the endorsement in the policy makes no distinction between these public passageways with regard to coverage or liability, and particularly since their control and maintenance have been assigned to the same department. This conclusion is further warranted by the rationale expressed in the case of Foreman v. Maryland Casualty Company, 224 So.2d 553 (La.App. 3d Cir. 1969).
The contention of plaintiff that coverage is provided under Hazard 4 entitled : “Products—Completed Operations” is negated by the provisions of the contract itself. In conjunction with this Division of Hazards is an endorsement which recites :
“It is agreed that the above coverage applies only to those departments and divisions of the Parish of Jefferson as indicated in the extension schedules and this coverage shall not apply to any other division or department of said Parish unless specifically endorsed hereon nor to any other political subdivision.”
The Department of Roads and Bridges is not listed in the extension schedule, nor is it specifically endorsed for coverage under this particular Division of Hazards. Thus, the contract of insurance itself excludes coverage under Division 4 of hazards to this Department.
Finally, the alternative plea of equitable estoppel cannot prevail against the insurer’s right to assert all defenses available to it under its policy of insurance. Counsel for plaintiff has not cited any authority that requires policy defenses be pleaded in limine. Nor is there any evidence that the defendant was guilty of misrepresentation of facts which caused plaintiff to act to her detriment and prejudice her legal rights, thereby addressing these actions to the equity jurisdiction of the court. No contractual obligation was owed by the insurer to the appellant. Harvey v. Richard, 200 La. 97, 7 So.2d 674 (1942); Shirey v. Campbell, 151 So.2d 557 (La.App. 2d Cir. 1963); American Bank & Trust Co. v. Trinity Universal Ins. Co., 194 So.2d 164 (La.App. 1st Cir. 1966).
For the above reasons, the judgments appealed from are affirmed. Costs are to be paid by plaintiff-appellant.
Affirmed.