356 So.2d 482 (1977)
Joseph ALEXIA, Individually and on behalf of his minor daughter, Heather Renea Alexia
v.
William R. STAFFORD, Tangipahoa Parish and Travelers Insurance Company.
No. 11620.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
*483 William J. Mora, III, Metairie, for Joseph Alexia, et al.
Jesse P. Lagarde, Amite, for Tangipahoa Parish Police Jury.
France W. Watts, Franklinton, for Travelers Ins. Co.
William R. Stafford, in pro per.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This is an action ex delicto filed by Joseph Alexia, individually and on behalf of his minor daughter, Heather Renea Alexia, for damages received as the result of the death of Iris P. Alexia, wife and mother. Named defendants are William R. Stafford, Tangipahoa Parish and its insurer, Travelers Insurance Company.
The petition alleges that Mrs. Alexia was a guest passenger in a car being driven by Stafford when he ran through the dead end of South Ben Jackson Road and struck the embankment on the shoulder of I-12 in Tangipahoa Parish. In addition to alleging negligence on the part of Stafford, plaintiffs contend the parish was negligent in:
"a) Not having appropriate signs and markings indicating that South Ben Jackson Road is a dead end;
b) Not having appropriate signs and markings to indicate that South Ben Jackson Road runs into the shoulder of 1-12;
c) Not barricading South Ben Jackson Road and preventing any vehicular traffic from travelling down South Ben Jackson Road to the shoulder of 1-12;
d) Not having appropriate lighting on South Ben Jackson Road;
e) Petitioners further plead any and all acts of negligence of defendants which may be revealed on the trial of this case, or between now and the trial of this case;
f) Permitting a road which the Tangipahoa Parish is responsible for the maintenance and repair to run into the shoulder of 1-12."
Defendant, Travelers Insurance Company, moved for summary judgment contending that there was no coverage afforded the cars complained of because the policy issued the police jury contained the following exclusion:
"It is agreed that such insurance as is afforded by this policy does not apply to the accidents arising out of the existence of streets, roads, bridges, culverts, sidewalks, parking meters, street lights and stop lights."
From a judgment granting the motion and dismissing suit against Travelers, plaintiffs have appealed.
In support of its motion for summary judgment Travelers cited to the Trial Court as well as to this Court the cases of Foreman v. Maryland Casualty Company, 224 So.2d 553 (La.App. 3rd Cir. 1969) and LaBruzza v. Boston Insurance Company, 198 So.2d 436 (La.App. 4th Cir. 1967).
In Foreman, plaintiff as a result of a two car collision at an intersection because of an alleged lack of a stop sign sued the city of Lafayette contending it was negligent in failing to post stop signs as well as other acts of negligence. An exclusionary clause to the policy provided that there was no coverage as "to the existence or use of or the existence of any condition in any street, *484 sidewalk, road, or bridge or other public way." The Court concluded that coverage had been excluded.
Earlier in LaBruzza, the Fourth Circuit held there to be no coverage when it went outside the policy to define the term "sidewalk" which coverage had been excluded from the policy.
Our brethren on the Fourth Circuit again in Snell v. Stein, 244 So.2d 647 (La.App. 4th Cir. 1971) in following Foreman and LaBruzza concluded that an intersectional collision allegedly caused by inadequately or improperly installed traffic signals was not covered where the policy excluded "streets and sidewalks".
However, the Louisiana Supreme Court reversed this decision at Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972). In holding that there was coverage, Justice Tate at 259 So.2d 878 said:
"The principles applicable to construction of insurance policies are not disputed. In case of ambiguity, the policy provisions are construed most favorably to the insured and against the insurer. Of the permissible constructions, the courts adopt that which effectuates the insurance over that which defeats it. [Citations omitted].
"On the other hand, in the absence of conflict with statute or public policy, insurers have the same right as individuals to limit their liability and to impose whatever conditions they please upon their obligations. In such event, unambiguous provisions limiting liability must be given effect. [Citations omitted].
"I. The Streets and Sidewalk Exclusion Clause.
"The exclusionary endorsement relied upon provides, Tr. 156:
`STREETS AND SIDEWALKS
`Such insurance as is afforded under Division I of the Definitions of Hazard does not apply to the existence of streets and sidewalks of the named insured, and the definition of premises does not include such streets and sidewalks.' (Italics ours.)
"As the dissenting opinion of the court of appeal notes, 244 So.2d 651, this exclusion clause is ambiguous in the context of the policy as a whole. The policy itself contains no `definitions of Hazard' and no `definition of premises'. [Footnote omitted] Further, even if we attempt to stretch these terms to fit what the insurer asks us to assume are the present policy's equivalents, nevertheless we are unable to ascribe to this clause any clear intent to exclude from coverage the negligent installation or maintenance of a traffic control system at an intersection.
"The negligence alleged consists of the installation and maintenance of three traffic control lights at an intersection, two of them overhead on wires up above the street and one on a utility pole to the left of the intersection. Construing the exclusionary clause strictly, as we must, Salomon v. Equitable Life Assur. Society, 202 La. 1001, 13 So.2d 329 (1943), we cannot conclude it applies here:
"The liability sought to be enforced does not arise from the `existence of streets' or from a street premise-defect. It is not the negligent maintenance or installation of streets or sidewalks (alone excluded from coverage by the clause), it is the negligent control of traffic upon such streets that is here complained of."
Though the exclusionary clause in the instant case is broader than that found in Snell and Foreman, the only reference in the exclusionary clause to traffic control signals or devices is the terminology "stop lights". We must conclude that if it was intended that all traffic control devices be excluded from coverage, that same could have very easily been written in as "traffic control devices" vis-a-vis "stop lights". Therefore, we find that the terminology "stop lights" is ambiguous and as such it must be construed most favorably to the insured and against the insurer, thus allowing coverage.
We do note, however, that one allegation of negligence has reference to the parish "not having appropriate lighting on South Ben Jackson Road", however, we find *485 that this coverage was excluded by this exclusionary clause in that terminology "street lights".
We find, therefore, that the Trial Judge was in error in granting the motion for summary judgment and dismissing the suit as against Travelers Insurance Company in all respects except as to that allegation making reference to not having appropriate lighting on South Ben Jackson Road.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is reversed in part, affirmed in part, and remanded for further proceedings in accordance with the views expressed herein. Appellees are to pay all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.