MARVIN, Judge.
Plaintiffs appeal a summary judgment in an action for damages that were allegedly caused when a pickup truck struck one or more potholes in a parish road, went out of control and collided with a tree, causing the damages.
Defendants include the Ouachita Parish Police Jury and its liability insurer under two policies, Reliance Insurance Company.
The summary judgment which dismissed plaintiffs’ demands against the insurer, Reliance, is based on the finding that each of the Reliance policies excludes any liability coverage against damage caused by a street or a road.
Plaintiffs generally contend that a summary judgment is not appropriate because the policy language may be construed by reasonable minds as affording such coverage and because plaintiffs have alleged fault that is broader than the road hazard exclusion, as was recognized in Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972). We affirm.
THE TWO POLICIES
The Police Jury leases gravel pit lands from a private entity on which the Jury maintains a sanitary land fill operation for the disposal of garbage. One Reliance policy, a Manufacturers and Contractors (M & C) liability policy, includes this operations hazard, but excludes “... streets, alleyways, and other ways from the hazard, except that if the declarations [of the policy] contain a classification describing operations [for] the construction, maintenance, or repair of any [street] . .. this exclusion shall not apply ... to such construction, maintenance or repair operations while actually being performed.”
Plaintiffs do not contend that the M & C policy covers the Jury’s liability for the accident complained of. Plaintiffs use the M & C policy language and structure to illustrate why the general liability policy should be held to afford liability coverage. The endorsement purporting to exclude road hazards from the general liability policy is identical to the exclusion, partially quoted above, that is in the M & C policy.
The general liability policy obligates Reliance “... to pay all sums for which the Jury shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies caused by an occurrence ...”
To the general liability policy is attached a form or endorsement entitled “General Liability Hazards”. This form describes certain premises such as office buildings and parks owned by the Jury. Also attached to the policy is the exclusionary endorsement above quoted, which begins, “The Policy does not apply to streets ... ”. This endorsement concludes:
“RELIANCE INSURANCE COMPANY
“Exclusionary endorsement
“OUACHITA PARISH POLICE JURY
“ACCEPTED BY: s/Billy F. Wilhite
“PRESIDENT
“OUACHITA PARISH
POLICE JURY
*970 The statement at the top of the exclusionary endorsement, “It is agreed that these exclusions do not apply to description of hazards” does not negate the exclusion of streets from the general liability insuring clause of the policy. The road is not in a geographical premises (park or building) described on the General Liability Hazards form.
Plaintiffs contend that the form “General Liability Hazards” is inconsistent with the comprehensive liability coverage of the general policy, relying on the holding in Snell, supra. Snell recognized that allegations of a petition may be broader than the exclusion so as to preclude summary judgment. There the policy excluded road hazards, but the allegations were that the damage was caused by a malfunctioning traffic light.
Plaintiffs here contend that their allegations of negligence (failure to inspect, to warn, to provide adequate personnel and equipment) make the Snell doctrine applicable. We cannot agree. The alleged existence of the potholes in the parish road as the cause of the tragedy complained of is not broadened by plaintiffs’ other allegations as in Snell. By any other name, whether negligent maintenance or failure to warn, the existence of the pot hole(s) is the essential cause of the accident. See Labruzza v. Boston Insurance Company, 198 So.2d 436 (La.App. 4th Cir. 1967).
It is not the act or omission of the Jury that is excluded by the endorsement, it is the thing under the control of the Jury as the cause of the damage (here potholes in a parish road), that is excluded from the liability coverage.
We find no uncertainty or ambiguity in the endorsement excluding coverage for damages caused by a “street” under the circumstances and allegations of this case. The contract, its endorsements, and applicable statutes constitute the law in this instance and shall be enforced.
At appellants’ cost, judgment is
AFFIRMED.