ELLIS, Judge:
This is an appeal by plaintiff Pointe Cou-pee Lumber Company, Inc. from a judgment rejecting its demands against Aetna Casualty & Surety Company for amounts allegedly due under a Blanket Crime Policy written by defendant for plaintiff. Under that policy, defendant agreed to pay plaintiff for “Loss of Money and Securities by the actual destruction, disappearance or wrongful abstraction thereof outside the Premises while being conveyed by a Messenger or any armored motor vehicle company, or while within the living quarters in the home of any Messenger.”
The facts of the case were stipulated to be as follows:
“This was the Saturday, June 5th deposit, and as I understand the circumstances around the loss of this deposit, on June 7th about 1:00 P.M., Joe Campbell, the Assistant Manager took the deposit bag *1097 with him to his home because the manager had the night deposit key. When Joe Campbell got to his home he took the bag into his house with him, changed clothes, got back in his company vehicle, returned to the store and picked up a co-worker to go to a convenience store down the street to get a cold drink. When he went into the convenience store he hid the deposit bag under the truck seat behind a hard hat and forgot about having the deposit bag in his truck until Tuesday, June 10th, when the bookkeeper asked him for the bag so she could make another deposit and at that time the deposit bag was not in the pickup. The pickup had been used on Monday for making material deliveries.”
* * * * * *
“The pick up truck and the hard hat are used by all — it is available for errands and contacts. Because some of the jobs require the use of a hard hat, one is kept in the truck at all times. The day before, that is the Monday, all the employees used the truck at one time or the other.”
The trial judge found that, because Mr. Campbell had deviated from his function as messenger, and since it was likely that the money was taken on Monday, while the truck was being used by other employees, the deposit was no longer being “conveyed by a Messenger” within the terms of the policy. In this court, plaintiffs aver that the court erred in so concluding.
Sansone v. American Insurance Company, 245 La. 674, 160 So.2d 575 (1964) was a case in which the messenger was entrusted with $2,500.00 in cash to be deposited in a bank on the following morning. On his way home, he went to a social club, where he joined in a dice game. During the game, he removed his coat, which contained the money, and had it hung on a rack in an adjoining room. About 20 or 30 minutes later, the messenger found that the money had disappeared. Suit was brought for recovery under a policy containing a coverage provision identical to the one in this case. In denying recovery, the court relied on a definition of the term “conveyed by a messenger” which appeared in Monteleone v. American Employers’ Insurance Co., 239 La. 773, 120 So.2d 70 (1960), which stated that the phrase “denotes conveyance by a person on an errand who keeps the property in his personal custody at all times.”
In this case, the trial judge found that Campbell had deviated from his function as a messenger for two full days, and that the deposit was therefore not being “conveyed by a messenger” when it disappeared or was stolen. Plaintiff argues that the trial judge erred in reaching this conclusion, citing two cases in support of its argument. In the first of these, Allen & Allen, Inc. v. State Farm Fire & Casualty Co., 295 So.2d 894 (La.App. 2nd Cir.1974), writ denied 299 So.2d 794 (La.1974), the property was stolen from a safe in a van provided for the transportation of the messenger, and the policy contained a specific provision for the use of such a vehicle in the transportation of the property. . The court awarded recovery based on that special clause in the policy. No such provision appears in the policy in this case.
In the second case, Cameron State Bank v. American Emp. Ins. Co., 401 So.2d 1090 (La.App. 3rd Cir.1981), writ denied 409 So.2d 674 (La.1981), the messenger routinely took the pouch from a branch office to the main branch, stopping overnight at his home. He left the pouch in the van overnight, and it was stolen. The policy contained a provision identical to that in this case. The court held that the property was being “conveyed by a messenger”. That case is, of course, clearly distinguishable from this one on its facts.
In this case, the messenger totally forgot about the property for more than two days. During that time, the truck was used by several other persons on missions unrelated to the deposit of the funds in a bank. We agree with the trial judge that Mr. Campbell had turned aside from his mission, and the funds were not being “conveyed by a messenger” when they were stolen.
*1098 The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.